Karla J. SPERLING, Plaintiff,

v.

**CITY OF KENNESAW POLICE DEPARTMENT, Defendant.**

No. CIV.A.1:01–CV–309–RWS.

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 20, 2001.

Fredrick C. McLam, Office of Fredrick C. McLam, Decatur, GA, for plaintiff.

Walter O. Lambeth, Jr., Jeffrey S. Hiller, Elarbee Thompson & Trapnell, Atlanta, GA, for defendant.

### *ORDER*

HAGY, United States Magistrate Judge.

The above-captioned employment discrimination action is before the Court on Defendant's Motions to Compel [7] and to Extend Discovery [8]. For the reasons set forth below, Defendant's Motion to Compel is **GRANTED IN PART** and **DENIED IN PART** and Defendant's Motion to Extend Discovery is **GRANTED**.

### *DEFENDANT'S MOTION TO COMPEL*

On April 5, 2001, Defendant served its First Set of Interrogatories and First Requests for Production of Documents and Other Things on Plaintiff. Pursuant to Rules 33(b)(3) and 34(b) of the Federal Rules of Civil Procedure, Plaintiff's responses were due on or before May 8, 2001. On May 8, 2001, Plaintiff's counsel requested additional time to respond to Defendant's discovery requests and Defendant's counsel agreed to give Plaintiff until May 11, 2001. On May 11, 2001, Plaintiff's counsel served responses to Defendant's First Requests for Production of Documents and Other Things,[1] but he did not respond to Defendant's First Set of Interrogatories until May 16, 2001. On that later date Plaintiff also served Defendant with supplemental responses to Defendant's document requests. The next day, May 17, 2001, Defendant's counsel deposed Plaintiff.

During Plaintiff's deposition, she testified that she had prepared a narrative response ("Original Narrative") to Defendant's First Set of Interrogatories and had given that response to her attorney. He then modified the Original Narrative and served it upon Defendant's counsel, but to Plaintiff's knowledge the only thing that he changed was spelling. Following this revelation. Defendant's counsel requested a copy of the Original Narrative, and Plaintiff's counsel replied that he would take the request under advisement. Pl.'s Dep. at 202–203. Plaintiff's counsel subsequently refused to produce the Original Narrative claiming that it was protected by both the attorney-client and work-product privileges.

Defendant argues that the Original Narrative is not subject to the attorney-client privilege or the work-product privilege. Further, Defendant argues that even if the Original Narrative is privileged, any privilege has been waived.

In her Response to Defendant's Motion to Compel,[2] Plaintiff states that she "has provided a copy of all documents requested by Defendant which she has in her possession, except for typewritten notes [Original Narrative] prepared at her attorney's request for the purpose of responding to Defendant's interrogatories." Pl.'s Response at ¶ 1.[3] Plaintiff argues that "her initial drafts of

---

**1.** According to Defendant's counsel, Jeffrey Hiller, Plaintiff's Responses were received "around 5:00 p.m." on May 11th, and then only after Defendant sent a courier to retrieve them. Hiller Aff. at ¶ 3. The Court is not going to entertain Defendant's argument that Plaintiff's responses were untimely because they were not received until after the close of business. The Court is cognizant of the fact that most law offices remain open past 5:00 p.m. In any event, Hiller's statement that he received Plaintiff's responses "around 5:00 p.m." does not preclude the possibility that the responses arrived prior to 5:00 p.m. Even if they did not, it appears that the document at issue did not exist as of May 11, 2001, and therefore, did not need to be produced at that time. *See* discussion *infra* at n.4. The Court, therefore, considers Plaintiff's Responses to Defendant's First Request for Production of Documents and Other Things to have been timely served upon Defendant.

**2.** Plaintiff's Response to Defendant's Motion to Compel was filed one day late, on July 24, 2001. Plaintiff's counsel, Fred McLam, stated in his cover letter that the Response was untimely because his wife died on July 12, 2001. For good cause shown, the Court accepts Plaintiff's Response and shall consider it as if it had been filed in a timely manner.

**3.** The Court is proceeding on the assumption, based on Plaintiff's Response to Defendant's Motion to Compel, that Plaintiff has produced all relevant documents and information which are responsive to Defendant's discovery requests and which are in Plaintiff's possession or control, except for the Original Narrative, which Plaintiff claims is privileged.

interrogatory replies are protected by the attorney-client privilege and attorney work product privilege." Pl.'s Response at ¶ 1. Plaintiff, in her one paragraph Response to Defendant's Motion to Compel, does not respond to Defendant's argument that she has waived any privilege related to the Original Narrative.

### ATTORNEY–CLIENT PRIVILEGE

■ The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law," *United States v. Zolin*, 491 U.S. 554, 562, 109 S.Ct. 2619, 2625, 105 L.Ed.2d 469 (1989) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981)), and it protects the disclosures that a client makes to his attorney, in confidence, for the purpose of securing legal advice or assistance. *Cox v. Administrator United States Steel & Carnegie*, 17 F.3d 1386, 1414 (11th Cir.1994).

■ Defendant, without citing to any authority, legal or otherwise, argues that the Original Narrative "was not a 'privileged communication' between Plaintiff and her attorney." Def.'s Brf. at 13. The Original Narrative, however, is communication which was made by Plaintiff to her attorney for the purpose of securing legal services or assistance in a legal proceeding. The Court concludes, therefore, that the Original Narrative is a privileged attorney-client communication. Thus, the only remaining attorney-client privilege issue is whether it has been waived.

### WORK–PRODUCT PRIVILEGE

■ The attorney work-product privilege has its roots in *Hickman v. Taylor*, 329 U.S. 495, 510–11, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947), in which the Court stated that "it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." The privilege is presently codified in Fed.R.Civ.P. 26(b)(3), which provides, in part:

Trial Preparations: Materials.... [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Defendant argues that the Original Narrative "was created by Plaintiff, not her attorney, and cannot be 'attorney work product.'" Def.'s Brf. at 13. Rule 26(b)(3) applies, however, to documents sought by one party which were prepared "by or for another party." The document which Defendant seeks in this case was prepared by Plaintiff in anticipation of litigation, and therefore, is covered by the work-product privilege. Defendant may obtain the Original Narrative, therefore, only upon a showing of substantial need or in the event that Plaintiff has waived the work-product privilege. Defendant does not argue that it has any need for this document, but instead, argues that Plaintiff has waived the work-product privilege.

### WAIVER

■ Defendant claims that Plaintiff waived any objection to Defendant's request for the Original Narrative because she failed to timely or properly object. Def.'s Brf. at 14. Plaintiff did, however, timely respond to Defendant's First Request for Production of Documents and Other Things. In that Response, Plaintiff timely objected "to each and every request to the extent that it seeks documents which are subject to the attorney-client privilege and work-product privilege." Pl.'s Response to Defendant's Request No. 1. Thus, to the extent it existed at the time, the Original Narrative was covered by Plaintiff's timely objection.[4] The fact that Plaintiff's Response to Defendant's First Set of Interrogatories was untimely does not negate Plaintiff's timely objections to Defendant's

---

4.  As discussed below, it appears that the Original Narrative did not exist as of May 11, 2001. If not, it did not have to be produced or made the subject of an objection until sometime later, Fed.

R.Civ.P. 26(e)(1), and Defendant's argument that an objection had to be made by May 11, 2001, or be deemed waived, would fail for that reason.

First Request for Production of Documents and Other Things.

Defendant also argues that Plaintiff waived any privilege related to the Original Narrative when she expressly relied upon it during her deposition. During Plaintiff's deposition the following exchange took place:

Q: Well, I'm not asking about that one, ma'am. I'm asking, after you were not selected for the S.T.E.P. position, did you put in for another position.

A: Yes.

Q: Okay. And that was what?

A: Let me see here.

Q: Are you reading from something, ma'am?

A: Yes.

Q: And what is it that you're reading from?

A: This is a narrative that I gave to my lawyer.

Pl.'s Dep. at 45.[5]

■ As to waiver of the attorney-client privilege, "[a]ny voluntary disclosure by the holder of such a privilege is inconsistent with the confidential relationship and thus waives the privilege." *In re Subpoenas Duces Tecum*, 738 F.2d 1367, 1370 (D.C.Cir.1984) (citations omitted). It is undisputed that Plaintiff read from and relied on the Original Narrative during her deposition. When asked if she was unable to remember and respond to questions without looking at the Original Narrative, Plaintiff stated: "Well, sometimes I like to refer [to it] because I want to give you the exact times and dates and order." Pl.'s Dep. at 46. She also testified that the narrative given to Defendant's counsel by her attorney was the same as the Original Narrative, except for the correction of some misspellings. Pl.'s Dep. at 202–203. Whether this representation proves true in all respects is not relevant. What is relevant is that her attorney effectively disclosed most, if not all, of the Original Narrative's contents to Defendant's counsel when he attached a modified version of it to Plaintiff's discovery responses. By his so doing, and by her referring to the Original Narrative during her deposition, Plaintiff waived any attorney-client privilege to that document.

■ The harder question concerns Defendant's claim that Plaintiff has also waived any work-product privilege. The Supreme Court has stated that "[w]hat constitutes a waiver with respect to work-product materials depends, of course, upon the circumstances." *United States v. Nobles*, 422 U.S. 225, 240, 95 S.Ct. 2160, 2171, n. 14, 45 L.Ed.2d 141 (1975). In *Nobles*, a criminal case, defense counsel claimed that the notes his private investigator had taken related to the interviews he had conducted of the two witnesses to the crime were protected by the work-product privilege. The district court, however, ruled that if the investigator, who had been called to testify as a defense witness, was going to rely on his interview notes to impeach the testimony of the two witnesses to the crime, a copy of the investigator's report would have to be submitted to Government counsel at the completion of the investigator's impeachment testimony. *Id.* at 229, 95 S.Ct. 2160. When defense counsel informed the court the he did not intend to produce the report, the court ruled that the investigator could not testify about his interviews with the witnesses. *Id.* The Supreme Court, affirming the trial court's decision, stated:

> Counsel necessarily makes use throughout trial of the notes, documents, and other internal materials prepared to present adequately his client's case, and often relies on them in examining witnesses. When so used, there normally is no waiver. But

---

5. Although it is not entirely clear, it appears that the narrative which Plaintiff was relying on during her deposition was the unedited narrative (the Original Narrative) which she personally prepared. Defense counsel asked her if the narrative she was using to refresh her memory was the same document that had been produced during discovery. Plaintiff responded that she thought that it was. Pl.'s Dep. at 46. Later in the deposition, however, Plaintiff testified that she had typed a narrative and had given it to her attorney, who then retyped it and produced it to Defendant. Pl.'s Dep. at 202–203. Based on this later exchange, it appears that the narrative Plaintiff was referring to during her deposition was not the edited version, but was her original, unedited version. Since Plaintiff has at no time contended to the contrary, the Court finds that Plaintiff referred to her Original Narrative during her deposition.

where, as here, counsel attempts to make a testimonial use of these materials the normal rules of evidence come into play with respect to cross-examination and production of documents.

*Id.* at 240, n. 14, 95 S.Ct. 2160.

Federal Rule of Evidence 612 states that "if a witness uses a writing to refresh memory for the purpose of testifying ... an adverse party is entitled to have the writing produced at the hearing, to inspect it [and] to cross-examine the witness thereon." The Federal Rules of Evidence are applicable to oral examinations and cross-examinations taken by deposition. Fed.R.Civ.P. 30(c). *See Sporck v. Peil,* 759 F.2d 312, 317 (3rd Cir.1985) (Rule 612 "is applicable to depositions and deposition testimony by operation of Federal Rule of Civil Procedure 30(c)."). In the instant case, Plaintiff testified that she was referring to the narrative that she had given to her attorney in order to remember "the exact times and dates and order." Pl.'s Dep. at 46.

The Court concludes that, by using the Original Narrative during her deposition to refresh her memory, Plaintiff waived the work-product privilege and Defendant became entitled to inspect it and to utilize it during Plaintiff's cross-examination. Accordingly, Defendant's Motion to Compel, insofar as it seeks the Original Narrative, is **GRANTED**. Plaintiff is **ORDERED** to turn over the Original Narrative immediately upon receipt of this Order.

Defendant also seeks its reasonable expenses, including attorney's fees, in bringing its Motion to Compel. The Court finds that Plaintiff's objection to Defendant's discovery requests were made in good faith. Defendant, therefore, is not entitled to its expenses. Accordingly, Defendant's Motion to Compel, insofar as it seeks reasonable expenses, is **DENIED**.

### DEFENDANT'S MOTION TO EXTEND DISCOVERY

Defendant has also moved to extend discovery for the sole purpose of continuing Plaintiff's deposition in order to question her regarding the Original Narrative. Plaintiff has failed to respond to Defendant's Motion. For good cause shown, Defendant's Motion to Extend Discovery is **GRANTED**, and discovery is hereby extended through and including September 14, 2001, in order that Defendant may continue Plaintiff's deposition.

### SUMMARY

Defendant's Motion to Compel [7] is **GRANTED IN PART** and **DENIED IN PART**. Defendant's Motion to Extend Discovery [8] is **GRANTED**.